**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TILE WORLD CORPORATION,

    Plaintiff,

v.     Case No: 6:15-cv-919-Orl-28TBS

MIAVANA & FAMILY, INC.,

    Defendant.

## ORDER

Plaintiff Tile World Corporation filed suit against Defendant Miavana & Family, Inc. alleging multiple claims arising from a trademark dispute over sugar branding and packaging. Defendant filed a Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Action for the Convenience of the Parties and Witnesses (Doc. 16). After considering the motions, Plaintiff's Opposition (Doc. 20), and Defendant's Reply (Doc. 24), I conclude that the motion must be denied.

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). If a case is filed in the wrong district or division, the court shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). However, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other

considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quotation omitted).

Venue is proper in the Middle District because Defendant qualifies as a resident here. For the purposes of determining venue, a corporate defendant "shall be deemed to reside in any district in [the] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Under Florida's long-arm statute, Defendant is subject to personal jurisdiction where it commits a "tortious act within th[e district]." § 48.193(1)(a)(2), Fla. Stat. Trademark infringement is considered a tortious act under Florida's long-arm statute, Mighty Men of God, Inc. v. World Outreach Church of Murfreesboro Tenn., Inc., 6:14–cv–947–Orl–41TBS, 2015 WL 1534446, at 3 (M.D. Fla. Apr. 6, 2015), and is deemed to take place where the trademark owner resides, Nida Corp. v. Nida, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000). Because the true owner of the trademark and trade dress at issue is disputed among the parties, Plaintiff is credited as the trademark holder for the purposes of determining venue.[1] Because Plaintiff resides in the Middle District, the tortious act of trademark infringement is deemed to have occurred here.[2] Thus, the Middle District has personal jurisdiction over Defendant under Florida's long-arm statute.[3]

---

[1] "[T]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits." Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990). When affidavits conflict, however, I must give "greater weight to [P]laintiffs' version of the jurisdictional facts and . . . construe such facts in the light most favorable to . . . [P]laintiff." Id.

[2] Because Defendant has not argued otherwise, I assume without deciding that Plaintiff states a claim for trademark infringement.

[3] Defendant also satisfies the constitutional personal jurisdiction requirements of minimum contacts, reasonableness, fair play, and substantial justice. Under the first requirement, the Defendant must have "purposefully established minimum contacts with the forum [district] out of which the instant action arises." Nida, 118 F. Supp. 2d at 1228.

Furthermore, it is not in the interest of justice to transfer the case. Defendant has failed to meet its burden of demonstrating that the balance of conveniences to the parties clearly outweighs Plaintiff's choice of forum. All of the relevant factors for transferring are either equally in balance or favor the case remaining in the Middle District.[4] Most significantly, the activity at issue—alleged ongoing trademark infringement—is taking place within this district. Defendant further argues that the core issue revolves around a contract that contains a forum selection clause requiring the case to be brought in Miami-Dade County, Florida. This argument also fails because, while the contract may be evidence of who owns the trademark, Plaintiff's claims do not arise from the obligations under the contract. Neither the balance of the conveniences nor the forum selection clause requires this case to be transferred.

---

In his declaration, Defendant's president Claudio R. Angulo states that Defendant sells its products in Miami to a third-party Orlando distributor. (Def.'s Aff. of Claudio R. Angulo, Doc. 16-1 ¶¶ 11–13). Mr. Angulo further states that Defendant's transactions with the Orlando distributor amounted to $35,948.00 last year but that such sales are less than one percent of its total sales and he does not know where that distributor sells its products. Id. Defendant's sales of nearly $36,000 with an Orlando-based distributor are sufficient to establish minimum contacts with the Middle District. See Pureterra Naturals, Inc. v. Cut-Heal Animal Care Prods, Inc., 674 F. Supp. 2d 1294, 1299–1300 (M.D. Fla. 2009) (finding that venue was proper where a Texas company sold its products in the Middle District through independent third-party distributors). Moreover, the considerations of reasonableness, fair play, and substantial justice do not weigh against maintaining the suit in the present venue.

[4] As for the convenience of the witnesses, Defendant states generally that all of the witnesses who will testify to the facts of Defendant's trademark ownership live in the Southern District but only specifically names three witnesses who would benefit from a transfer. (See Mot. to Dismiss, Doc. 16, at 9). Meanwhile, Plaintiff has specifically named nine witnesses who would benefit from the current venue. (Pl.'s Opp'n to Mot. to Dismiss, Doc. 20, at 9–10).

3

It is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer Action for the Convenience of the Parties and Witnesses (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 2, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties